**G.J. DEASY INVESTMENT, INC., d/b/a Texas Vehicle Management, Plaintiff-Appellant,**

v.

**James A. MATTOX, Attorney General of the State of Texas, Russell Harding, Executive Director of the Texas Motor Vehicle Commission, Erwin Elias, Chairman of the Texas Motor Vehicle Commission, Dan Boone, Vice Chairman of the Texas Motor Vehicle Commission, and Bill Rogers, Ted Treadaway, George Miller, Rudy Garza, Sally Hermann, Robert Hoy, and Thomas Demarest, Members of the Texas Motor Vehicle Commission, Defendants-Appellees.**

No. 85–1198.

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1985.

James H. Baumgartner, Jr., Paul D. Schoonover, Dallas, Tex., for plaintiff-appellant.

Jim Mattox, Atty. Gen., Mary F. Keller, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

David C. Godbey, Dallas, Tex., for amicus curiae, Tex. Auto Dealers Ass'n.

Before CLARK, Chief Judge, WILLIAMS, and DAVIS, Circuit Judges.

**OPINION**

PER CURIAM:

G.J. Deasy, d/b/a Texas Vehicle Management (TVM), appeals the district court's grant of summary judgment for the

Attorney General of the State of Texas. We affirm.

In 1983, in response to efforts of the Texas Association of Automobile Dealers, the Texas legislature amended Article 4413(36) of the Texas Revised Civil Statutes entitled "Motor Vehicle Commission Code." This statute, particularly § 5.04, regulates the sale of new motor vehicles in Texas. The amendment made a franchise from the manufacturer of a particular vehicle a prerequisite to entitlement to a license to sell such vehicle.

TVM is franchised by only one small manufacturer. Under the statute it cannot qualify for a license to deal in the kinds of new motor vehicles it wishes to sell. Because the threatened and imminent enforcement of § 5.04 would allegedly result in a total loss of business, TVM filed suit against the Attorney General of Texas and other members of the Texas Motor Vehicle Commission, alleging that the statutory amendment violates the due process clause of the Fourteenth Amendment.

TVM argues that the legislature is conditioning the right to obtain a new car dealer license upon the discretionary and arbitrary determination of an automobile manufacturer to grant a dealer franchise for its particular make of vehicle. There is a constitutional prohibition against delegation of legislative power to private groups. In TVM's view, the Texas legislature has violated TVM's procedural due process rights by delegating licensing power to private auto manufacturers without providing standards for the exercise of that power or an opportunity for review of its exercise.

The arguments put forth by TVM are exactly the same as those made in a case that is nearly identical on the facts, *Rice v. Norman Williams Co.*, 458 U.S. 654, 102 S.Ct. 3294, 73 L.Ed.2d 1042 (1982). In *Rice,* the Supreme Court expressly rejected a procedural due process challenge to California's designation statute which prohibited licensed liquor importers from purchasing any brand of liquor unless the importer was the distiller's designated importer.

Respondents contend that the designation statute denies them due process of law. According to respondents, California has established a "second tier of private licensing over the state's licensing process," and therefore procedural due process protections apply with regard to the distiller's designation decisions.

We find this contention without merit.... What respondents are really challenging is the California Legislature's decision to give such a power to the distiller without establishing any criteria to govern the exercise of that power. The Due Process Clause does not authorize this court to assess the wisdom of the California Legislature's decision. *Id.* 102 S.Ct. at 3301–02. (citation omitted)

This case is completely controlled by this language from *Rice.* TVM contends this portion of the Supreme Court's opinion is dicta. Such a contention should be addressed to that Court, not this one. The judgment appealed from is

AFFIRMED.